UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RYAN ANENSON;<br>SARAH ANENSON<br>CHRISTIAN ANENSON,<br><br>           Plaintiffs,<br><br>    v.<br><br>VACAVILLE UNIFIED SCHOOL<br>DISTRICT; DIXON UNIFIED SCHOOL<br>DISTRICT; SOLANO COUNTY<br>SPECIAL EDUCATION LOCAL PLAN<br>AREA; SOLANO COUNTY OFFICE<br>OF EDUCATION; and DOES 1-25,<br>inclusive,<br><br>           Defendants. | No.  2:20-cv-00901-MCE-DB<br><br>**MEMORANDUM AND ORDER** |
|---|---|

Plaintiff Ryan Anenson (the "Student") and his parents Sarah and Christian Anenson (the "Parents") (collectively "Plaintiffs") bring claims against Defendants Vacaville Unified School District ("VUSD"), Dixon Unified School District ("DUSD"), Solano County Special Education Local Plan Area ("SELPA"), and Solano County Office of Education ("SCOE") based on an alleged abridgement of the Student's educational rights and unlawful retaliation against Plaintiffs while the Student was attending Vacaville High School and Dixon High School.  More specifically, Plaintiffs set forth claims under §

504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et. seq., California's Unruh Civil Rights Act, Cal. Civ. Code § 51, and California's Disabled Persons Act ("DPA"), Cal. Civ. Code § 54, seeking monetary and injunctive relief.  Now before the court are Defendants' Motions to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure, Rules 12(b)(1), 12(b)(6), and 12(f).[1][2]  For the reasons that follow, those motions are GRANTED with leave to amend.[3]

## BACKGROUND[4]

In the Fall of 2017, the Student was enrolled at Vacaville High School, situated within VUSD.  At the start of the academic year, the Parents and VUSD approved a plan of accommodations for Plaintiff Student under Section 504 on the basis that Plaintiff Student had "two distinct varieties of disability . . . ."  Compl., ECF No. 1, ¶ 28.  Plaintiffs allege that throughout the 2017-2018 school year, Defendant VUSD failed to implement the provisions of the Section 504 Plan in numerous ways.  Plaintiff Student claims that VUSD failed to honor a hall pass granted to him by the Section 504 Plan, alleging that the pass was disregarded by a classroom instructor "until the instructor could call a grounds supervisor to come and walk [him] to a rest room."  Id. ¶ 33.  Additionally, Plaintiffs allege that VUSD failed to protect the Student from harassment by both students and instructors.  According to Plaintiffs, VUSD had placed him in an English

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[2] Counsel representing DUSD, SELPA, and SCOE filed two separate motions to dismiss ("MTD"). For clarity of citations, the memoranda supporting these motions will be referenced as "DUSD MTD," ECF No. 12, and "SELPA/SCOE MTD," ECF No. 22. The memorandum field in support of the MTD made on behalf of VUSD will be referenced as "VUSD MTD" ECF No. 20.

[3] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  ECF No. 52; see E.D. Cal. Local Rule 230(g).

[4] Unless otherwise noted, the allegations in this section are drawn directly, and at times verbatim, from Plaintiffs' Complaint. Compl., ECF No. 1.

class with a classmate who had allegedly assaulted him off campus in the Spring of 2017, allowed an instructor to discipline Student "by compelling him to physically break apart large chunks of concrete in 100°F heat . . . ," and permitted a teacher to expel the Student from the classroom into "114°F heat" when the instructor "construed a manifestation of [Plaintiff Student's] disability as a willful disregard of her pedagogical offerings."  Id. ¶¶ 35-36.

Plaintiffs contend that these failures to implement accommodations in accordance with the Section 504 plan caused the Student to suffer "mood, mental health and physical health" impacts, which led to him incur numerous unexcused absences from school between the months of March and June of 2018.  Id. ¶ 40.  VUSD then purportedly refused to consider those absences as excused or to implement an independent study program for the Student.  Thus, the Student received no academic credit for work submitted during this time and earned incomplete or failing grades in his courses for that academic year.

In November 2018, the Student transferred to Dixon High School within DUSD. DUSD adopted the Student's previous Section 504 plan while developing a new plan for the Student's education at Dixon High School; however, Plaintiffs allege that the previous Section 504 plan was never fully implemented, nor was a new plan "adequate to meet [DUSD's] obligation under Section 504 and the ADA [provided] to Plaintiff Student."  Id. ¶ 60.  Shortly after enrolling at Dixon High School, the Student was informed that his "incomplete academic grading" from his time in VUSD left him ineligible to participate in the Dixon High School varsity track team or the Future Farmers of America program; the Student alleged that both denials impacted his "mood and mental health."  Id. ¶¶ 61-63.  This impact, coupled with DUSD's alleged failure to provide "meaningful academic support from . . . staff" at Dixon High School, led the Parents to seek changes to the Student's Section 504 plan, which they claim never occurred.  Id. ¶ 64.

In May and June of 2019, Plaintiffs engaged in meetings with DUSD employees

and Dixon High School Principal Stephanie Marquez to solidify academic courses for Plaintiff Student's 2019-2020 school year and develop a program for academic recovery. However, the Student found on the first day of the 2019-2020 school year that his course schedule "differed materially from the course selection choices he had submitted . . . ." Id. ¶ 69. Additionally, conflicts began to arise with Principal Marquez. Specifically, Plaintiffs' allege that Principal Marquez "spoke to Plaintiff Ryan Anenson and/or to Plaintiff Sarah Anenson in tones which were angry, hostile, demeaning, insulting, hurtful, and/or humiliating, in front of others present at the time . . . [and] displayed a rigid, inflexible attitude . . . ." Id. ¶ 70. Plaintiffs repeatedly notified DUSD, SELPA, and SCOE of Principal Marquez' behavior and requested that she no longer be included in meetings regarding Plaintiff Student, but these requests were either denied or ignored.

The complaint goes on to allege that Principal Marquez's "verbal aggression" against the Student caused him to suffer an "aggravated onset of one of his disabling conditions . . ." which caused him to be absent from school following said interactions. Id. ¶ 77. The Parents proffered documentation to show the medical basis of these absences; however, DUSD nevertheless counted them as unexcused. Finally, the complaint alleges that throughout the Student's time at Dixon High School he would find the bathroom locked or the school nurse absent when using his Section 504 hall pass. This allegedly violated his established plan of accommodations.

On May 4, 2020, Plaintiffs filed the operative complaint against Defendants, alleging six causes of action: (1) Abridgment of Rights Protected by Section 504 of the Rehabilitation Act and Title II of the ADA (Counts One and Two); (2) Unlawful Retaliation Prohibited under the ADA and Rehabilitation Act (Counts Three and Four); (3) Violation of the California Unruh Civil Rights Act (Count Five); and (4) Violation of the California Disabled Persons Act (Count Six). Plaintiffs seek monetary damages and injunctive relief, which includes a permanent injunction to compel VUSD and DUSD to take "all such steps and measures necessary to award academic credits to Plaintiff [Student] for passing the courses in which he enrolled . . . ." Id. at 24:2-3.

# STANDARD

### A.     Rule 12(b)(1)

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to FRCP 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043-44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject

matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id.

**B.  Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles

1  Alan Wright & Arthur R. Miller, supra, at § 1202).  A pleading must contain "only enough
2  facts to state a claim to relief that is plausible on its face."  Id. at 570.  If the "plaintiffs . . .
3  have not nudged their claims across the line from conceivable to plausible, their
4  complaint must be dismissed."  Id.  However, "[a] well-pleaded complaint may proceed
5  even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a
6  recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S.
7  232, 236 (1974)).

       C.     **Leave to Amend**

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///
///
///
///
///

# ANALYSIS

### A. Dismissal of Plaintiff Parents for Lack of Standing

The Parents join all causes of action made by the Student against Defendants, claiming that the alleged discrimination and retaliation of Defendants caused them direct injury as well. Defendants now move to dismiss the Parents on the basis that the Parents failed to allege sufficient facts to establish that they have standing under Article III of the United States Constitution, that they have statutory standing under the Rehabilitation Act or the ADA, or that Plaintiff Student is a minor and needs his parents to sue on his behalf. DUSD MTD, ECF No. 12, at 7-8; VUSD MTD, ECF No. 20, at 11-12; SELPA/SCOE MTD, ECF No. 22, at 7-8.

To successfully plead standing to sue such that it satisfies the case or controversy requirement of an Article III federal court, a plaintiff must "must show that (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc., 528 U.S. 167, 180 (2000). Once Article III standing is established, the Court looks to whether standing has been conferred by statute as well. Cetacean Community v. Bush, 386 F.3d 1169, 1175 (9th Cir. 2004) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 576-77 (1992)).

Here, the Complaint includes no allegations that the Parents have themselves suffered an injury in fact that is concrete or particularized. While the complaint contains numerous allegations of specific educational injuries and harms regarding the Student, as to the Parents it alleges at most that they were "caus[ed] injury" by Defendants, have "suffered [general and special] damages", or that Plaintiff Parents were "aggrieved" by the retaliation of Defendants DUSD, SCOE, and SELPA. Compl. ¶¶ 22, 23,118,119; see Opp'n, ECF No. 26, at 4:11. These allegations are neither concrete nor particularized,

and thus fail to confer Article III standing. See Fisher v. Tucson School Dist. No. One, 625 F.2d 834, 837 (9th Cir. 1980) ("A party . . . must establish specific facts which establish his actual or threatened injury . . . ."). For the same reasons, the parents have failed to allege statutory standing. Nor do Plaintiffs contend that the Student is a minor or that the Parents are a party to this lawsuit to represent him as his guardian ad litem. Instead, they bring claims to recover for their own injuries, which at this time are insufficiently pleaded. Given the Parents failure to allege the requisite standing, their claims are DISMISSED with leave to amend.

### B.  Dismissal of the First and Second Causes of Action for Failure to State a Claim

Defendants argue that Plaintiff's claims of Abridgement of Rights Protected by the ADA and Rehabilitation Act are unsupported by well pleaded facts and are not plausible. Defendants assert that the Student has failed to plead sufficient facts establishing that he is an individual with a disability, that he suffered a deprivation of rights solely by reason of his disability, or that Defendants acted either intentionally or with deliberate indifference. See Dixon MTD, ECF No. 12; Vacaville MTD, ECF No. 20; SCOE/SELPA MTD, ECF No. 22. Because Plaintiff has not pleaded sufficient facts to plausibly allege that he has a disability, the Courts inquiry ends there.

In order "[t]o bring a suit under the ADA and Section 504, [a plaintiff must plead the] same elements: (1) the child is a qualified individual with a disability; (2) she was denied a reasonable accommodation that she needs to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives federal financial assistance." McIntyre v. Eugene School District 4J, 976 F.3d 902, 912 (9th Cir. 2020); see 29 U.S.C. § 796(a) (Rehabilitation Act); see also 42 U.S.C § 12132 (Title II of the ADA). The Student's two alleged disabilities are not identified a single time in the complaint. While the Student alleges that he has "two distinct varieties of disability" it is not until the Plaintiff's Opposition to Defendants' Motion to Dismiss that those disabilities are revealed. Compl. ¶ 28; Opp'n at 14:14-15 (identifying the disabilities as a diagnosed

anxiety disorder and Attention-Deficit-Hyperactivity Disorder). Plaintiffs argue their pleading failure should not be fatal because Defendants have actual knowledge of the Student's status. See Compl. ¶¶ 28, 29, 60, 80. This argument is unpersuasive, however, because a plaintiff must nonetheless allege material facts identifying that they are an individual with a disability in order to properly set forth these claims. See Tate v. SCR Med. Transp., 809 F.3d 343, 345 (7th Cir. 2015) ("And surely a plaintiff alleging discrimination on the basis of an actual disability under [the ADA and Rehabilitation Act] must allege a specific disability."); see also Bresaz v. County of Santa Clara, 136 F. Supp. 3d 1125, 1135-36 (N.D. Cal. 2015) ("Where . . . a party alleges that he or she is disabled under the ADA, courts have generally required the party to plead the disability with some factual specificity."). Thus, Plaintiff has failed to plausibly state a claim under the ADA or the Rehabilitation Act. Defendants' Motions to Dismiss are GRANTED with leave to amend as to Plaintiff's first and second causes of action.

### C. Dismissal of Plaintiff's Third and Fourth Causes of Action for Failure to State a Claim

Plaintiffs' third and fourth causes of action are made under the anti-retaliation provisions of the ADA and the Rehabilitation Act, respectively.[5] The complaint alleges that Defendants DUSD, SCOE, and SELPA retaliated against the Student in response to his "advocacy" by refusing to honor the requests to "prevent further in-person communications with by Dixon High School principal Ms. Stephanie Marquez in meetings . . . with Plaintiff Student." Compl. ¶ 125. Defendants contend that the

---

[5] Plaintiff's retaliation claims under the Rehabilitation Act and the ADA are not foreclosed on grounds that Plaintiff fails to allege a specific disability. See Coons v. Secretary of U.S. Dep't of Treasury, 383 F.3d 879, 887 (9th Cir. 2004) ("Even though [Plaintiff] is not disabled under the Rehabilitation Act, we must still address [his] retaliation claim."); see also Selenke v. Medical Imaging of Colorado, 248 F.3d 1249, 1264 (10th Cir. 2001) (overruling the district court's decision that a plaintiff needed to show she suffered from an actual disability and instead holding that "a reasonable, good faith belief that the statute has been violated suffices."); Krouse v. American Sterilizer Co., 126 F.3d 494, 503 (3d Cir. 1997) ("Unlike a plaintiff in an ADA *discrimination* case, a plaintiff in an ADA *retaliation* case need not establish that he is a 'qualified individual with a disability.'") (quoting 42 U.S.C.A. § 13132); Rowlands v. United Parcel Service-Fort Wayne, 901 F.3d 792, 798 (7th Cir. 2018) ("The ADA also prohibits retaliating against individuals (qualified or not) who have engaged in activities protected by the ADA, such as . . . requesting reasonable accommodations.").

complaint lacks factual allegations that the Student engaged in a protected activity or that he suffered an adverse action causally connected to an alleged protected activity. See DUSD MTD at 11-13; SCOE/SELPA MTD at 14-16.  These arguments are well taken.

To state a claim for retaliation under the ADA, a plaintiff must allege that: (1) he engaged in a protected activity known by the defendants; (2) suffered an adverse retaliatory action; and (3) there was a causal connection between the protected activity and adverse action.  Pardi v. Kaiser Foundation Hospitals, 389 F.3d 840, 849 (9th Cir. 2004); see also Lee v. Natomas Unified School Dist., 93 F. Supp. 3d. 1160, 1167 (E.D. Cal. 2015).  The same standard is used to analyze claims of unlawful retaliation made under the Rehabilitation Act.  See Douglas v. Cal. Dept. of Youth Auth., 285 F.3d 1226, 1229 n.3 (9th Cir. 2002); see also Brooks v. Capistrano Unified Sch. Dist., 1 F. Supp. 3d 1029, 1035 (C.D. Cal. 2014).  The Court need not address the first prong because the Student has not pled facts to establish the last two elements.

According to the Complaint, DUSD, SCOE, and SELPA engaged in an adverse action against the Student by "condoning and encouraging the imposition of Ms. Marquez' confrontational, antagonistic behavior towards Plaintiffs with knowledge of Plaintiff Student's disabling condition. . . ."  Compl. ¶ 76.  Additionally, the complaint alleges that Defendants' failure to intervene "followed closely on the heels of the protected activity undertaken by Plaintiff Parents . . ." and thus causation can be inferred from the timing alone.  Id. ¶ 127.  Both arguments are unconvincing.

An adverse action is an act that likely would have dissuaded a person from making a complaint.  See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006).  It has also been interpreted as "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity."  See Ray v. Henderson, 217 F.3d 1234, 1242 (9th Cir. 2000) (Title VII employment retaliation case) (citing EEOC Compliance Manual Section, 8, "Retaliation" ¶ 8008 (1998)).  Additionally, while a causal connection can be inferred

11

from timing alone when the adverse action closely follows the protected activity, the temporal proximity must be "very close." Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001) (citing cases where a three-month period between the protected activity and the adverse action was insufficient to show causation).

First, the alleged adverse action of enabling Ms. Marquez' continued engagement with the Student does not plausibly rise to the level of retaliatory, deterring, or dissuading behavior. Defendants' alleged perpetuation of the very action which the Student has complained about can hardly be considered as a means to dissuade the Student from complaining. Simply maintaining the alleged action that the Student sought to stop would likely encourage the Student to continue or increase his complaints, not dampen them; the complaint lacks plausible allegations that Defendants' actions had any sort of dissuading effect. See Henry v. Napa Valley Unified, No. 16-CV-04021-MEJ, 2016 WL 7157670, at *6 (N.D. Cal. Dec. 8, 2016) (requiring that the plaintiff's complaint "contain plausible . . . allegations that either Plaintiff or others would be dissuaded from advocating for their children as a result of [the alleged adverse action].").

Second, these allegations fail to assert any causal connection between the alleged adverse action and the Student's complaints to Defendants. It is true that "when an adverse action closely follows a [protected activity], retaliatory intent may be inferred." Lee, 93 F. Supp. 3d at 1169 (citing Bell v. Clakamas County, 341 F.3d 858, 865-66 (9th Cir. 2003)). But here, the alleged adverse action of enabling Ms. Marquez originated prior to the Student's complaints to DUSD, SELPA, and SCOE, and then continued to persist after the complaints were made; this allegation does not plausibly support an inference that the Student's protected activity caused a retaliatory adverse action to be taken by Defendants. Furthermore, while the complaint does not allege any specific facts plausibly supporting causation beyond its reliance on temporal proximity, even there the Student fails to plead facts that allege approximately when Defendants imposed further interactions with Ms. Marquez on the Student, only that they "continued."

Compl. ¶¶ 73, 76. Because the Student has not set forth plausible retaliation claims, Defendants' motions to dismiss the third and fourth causes of action are GRANTED with leave to amend.[6]

## CONCLUSION

For the forgoing reasons, Defendants' Motions to Dismiss, ECF Nos. 12, 20, 22, are GRANTED with leave to amend. Not later than twenty (20) days following the date this memorandum and order is electronically filed Plaintiffs may, but are not required to, file an amended complaint. If no amended complaint is timely filed, the Complaint shall be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: August 12, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

[6] The Court has dismissed all of the claims over which it had original jurisdiction and it declines to exercise supplemental jurisdiction over the state law claims, which are thus dismissed with leave to amend as well. Since the complaint has been dismissed in its entirety, the Court also declines to address any remaining arguments not necessary to this decision.

13