UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ANENSON, et al., | No. 2:20-cv-00901-MCE-DB |
| Plaintiffs, | |
| v. | **MEMORANDUM AND ORDER** |
| VACAVILLE UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants. | |

Plaintiff Ryan Anenson ("Ryan" or "Student") and his parents Sarah and Christian Anenson (individually "Sarah" and "Christian" and together the "Parents") (collectively, "Plaintiffs") originally brought claims against Defendants Vacaville Unified School District ("VUSD"), Dixon Unified School District ("DUSD"), Solano County Special Education Local Plan Area ("SELPA"), and Solano County Office of Education ("SCOE") based on an alleged abridgement of the Student's educational rights and unlawful retaliation against Plaintiffs while the Student was attending Vacaville High School and Dixon High School.  More specifically, Plaintiffs set forth claims under § 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12131 et seq., California's Unruh Civil Rights Act, Cal. Civ. Code § 51, and California's Disabled Persons Act ("DPA"), Cal. Civ. Code § 54, seeking monetary and

1

injunctive relief.

Defendants previously filed Motions to Dismiss, which the Court granted with leave to amend. ECF No. 37. Plaintiffs thereafter filed a First Amended Complaint ("FAC") adding as Defendants Stephanie Marquez, the Dixon High School principal, and Brian Dolan, superintendent of DUSD, and new claims for Unlawful Interference, Coercion, Threat or Intimidation under the ADA and Intentional Infliction of Emotional Distress ("IIED").[1] Defendants responded by filing three new Motions to Dismiss: (1) one by VUSD, ECF No. 44; (2) one by DUSD, SELPA, and SCOE, ECF No. 46; and (3) one by the individual Defendants, ECF No. 56. Defendants seek to dismiss all of Plaintiffs' claims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[2] For the reasons that follow, those Motions are GRANTED with final leave to amend.[3]

## BACKGROUND[4]

In the Fall of 2017, Ryan was enrolled at Vacaville High School, situated within VUSD. At the start of the academic year, the Parents and VUSD approved a plan of accommodations for Ryan under Section 504 on the basis that Ryan had previously been diagnosed with "generalized anxiety disorder" and "attention-deficit hyperactivity disorder (ADHD)." FAC, ECF No. 42, ¶ 30.[5] Plaintiffs allege that throughout the 2017–2018 school year, VUSD failed to implement the provisions of the Section 504 Plan in

---

[1] The Court notes that it granted Plaintiffs leave to amend the causes of action set forth in their original Complaint, but it did not grant leave to add parties or causes of action. That said, given the lack of objection by Defendants, the Court considers the FAC in its entirety here.

[2] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

[3] Because oral argument would not have been of material assistance, the Court ordered these matters submitted on the briefs. See E.D. Cal. Local Rule 230(g).

[4] Unless otherwise noted, the allegations in this section are drawn directly, and at times verbatim, from Plaintiffs' FAC. FAC, ECF No. 42. Most of the facts are materially the same as those set forth originally. The Court will note where new facts have been alleged.

[5] The original Complaint did not identify Ryan's disabilities.

numerous ways. They contend that VUSD failed to honor a hall pass granted to Ryan by the Section 504 Plan on numerous occasions. Additionally, Plaintiffs allege that VUSD failed to protect Ryan from harassment by both students and instructors. According to Plaintiffs, Ryan was assaulted by another student at a city park during a Spring 2017 school track practice, but, over his parents' objections, VUSD nonetheless placed Ryan in an English class with that classmate during the Fall of 2017. VUSD also purportedly permitted an instructor to discipline Ryan "compelling him to physically break apart large concrete debris outdoors in 114°F heat." Id. ¶ 38.

Plaintiffs allege that these failures to implement accommodations in accordance with the Section 504 plan caused Student to suffer "mood, mental health and physical health" impacts, which led to him incurring numerous unexcused absences from school between the months of March and June of 2018. Id. ¶ 42. VUSD then purportedly refused to consider those absences as excused, to implement an independent study program for Ryan, or to "properly process and recognize with academic credit the work [Ryan] was submitting." Id. ¶ 48. Thus, Ryan received no academic credit for work submitted during this time and earned incomplete or failing grades in his courses for that academic year. The Parents requested over the summer for VUSD to grant Ryan independent study status the following school year, but that request was denied as well.

In the FAC, Plaintiffs allege facts omitted from the original Complaint to elaborate on how VUSD's actions affected Sarah and Christian. Sarah was purportedly "required to drive many additional trips in the family motor vehicle to care for, assist, support and help [Ryan]." Id. ¶ 57. Sarah had previously suffered workplace injuries that were exacerbated by this additional driving, and which were physically painful. She also suffered from more frequent and severe migraine headaches, was treated for hypertension, and suffered from severe emotional harm. For his part, Christian also suffered from hypertension and severe emotional harm and was required to miss numerous hours of work.

In November 2018, Ryan transferred to Dixon High School within DUSD. DUSD

3

purportedly adopted Ryan's previous Section 504 plan in the interim of developing a new plan for him at Dixon High School; however, Plaintiffs allege that the previous Section 504 plan was never fully implemented, nor was a new plan "adequate to meet [DUSD's] obligations under Section 504 and the ADA to [Ryan]." Id. ¶ 68.  Shortly after enrolling at Dixon High School, Ryan was informed that his "incomplete academic grading" from his time in VUSD left him ineligible to participate in the Dixon High School varsity track team or the Future Farmers of America ("FFA") program; Ryan alleged that both denials impacted his "mood and mental health." See id. ¶¶ 69–71.  This impact, coupled with DUSD's alleged failure to provide "meaningful academic support from . . . staff" at Dixon High School, led his Parents to seek changes to Ryan's Section 504 plan which they claim never occurred. Id. ¶ 72.

In May and June of 2019, Plaintiffs engaged in meetings with DUSD employees and Principal Marquez to solidify academic courses for Student's 2019–2020 school year and develop a program for academic recovery. However, Ryan found on the first day of the 2019–2020 school year that his course schedule "did not conform to the choices he had submitted . . ." Id. ¶ 77. Additionally, conflicts began to arise with Principal Marquez. Specifically, Plaintiffs allege that Principal Marquez "spoke to [Ryan] and/or to [Sarah] in tones which were angry, hostile, demeaning, insulting, hurtful, and/or humiliating, in front of other persons present at the time" and "displayed a rigid, inflexible attitude . . ." Id. ¶ 78.  "On at least one occasion, Defendant Marquez engaged in an outburst in an interior hallway within Dixon High School, shouting in a loud voice concerning Plaintiff Student and in his presence, 'HIS PARENTS ARE PISSING ME OFF!'" Id. Plaintiffs repeatedly notified DUSD, SELPA, and SCOE of Principal Marquez's behavior and requested that she no longer be included in meetings regarding Ryan, but these requests were either denied or ignored.

The FAC alleges that Principal Marquez's "verbal aggression" against Ryan "caused him to suffer panic attacks," which in turn caused him to be absent from school following said interactions. Id. ¶ 91. The Parents proffered documentation to show the

medical basis of these absences; however, DUSD nevertheless marked the absences as unexcused.  In addition, the FAC alleges that throughout the Student's time at Dixon High School, he would find the bathroom locked or the school nurse absent when using his Section 504 hall pass.  This allegedly violated his established plan of accommodations.  Finally, according to the FAC, the accumulation of Ryan's unexcused absences led to him being involuntarily disenrolled from school.

On May 4, 2020, Plaintiffs filed their complaint against Defendants, which was subsequently dismissed.  Plaintiffs then filed the FAC which alleges the following causes of action:  (1) Abridgment of Rights Protected by Section 504 of the Rehabilitation Act and Title II of the ADA (Counts One and Two) (against all Defendants); (2) Unlawful Retaliation Prohibited under the ADA and Rehabilitation Act (Counts Three and Five) (against Marquez, Dolan, and DUSD); (3) Unlawful Interference, Coercion, Threat or Intimidation Prohibited by the ADA (Count Four) (against Marquez, Dolan, and DUSD); (4) Violation of the California Unruh Civil Rights Act (Count Six) (against all Defendants); (5) Violation of the DPA (Count Seven) (against all Defendants); and (6) IIED (Count Eight) (against Marquez, Dolan, and DUSD).  Plaintiffs seek monetary damages and injunctive relief, including a permanent injunction to compel VUSD and DUSD to take "all such steps and measures necessary to award academic credits to Plaintiff Student for passing the courses in which he enrolled . . ." Id. at 31:19–21, 34:7–9.  Defendants' three Motions to Dismiss are fully briefed and the Court again dismisses the federal claims and declines to consider Plaintiffs' state law causes of action.

## STANDARDS

A.  **Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting

5

jurisdiction. Id. Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. United States v. Cotton, 535 U.S. 625, 630 (2002). Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043–44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court sua sponte. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." Id.; see Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

There are two types of motions to dismiss for lack of subject matter jurisdiction: a facial attack, and a factual attack. Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979). Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings. Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). Where, as here, the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir. 2003). In the case of a facial attack, the motion to dismiss is granted only if the nonmoving party fails to allege an element necessary for subject matter jurisdiction. Id.

   **B.**  **Rule 12(b)(6)**

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotations omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 556 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing 5 Charles Alan Wright & Arthur R. Miller, supra, at § 1202). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a

recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### C. Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Grp., Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005)); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .").

## ANALYSIS

### A. Plaintiffs' First and Second Causes of Action

All Defendants move to dismiss Plaintiffs' disability-based claims under the ADA and Section 504. To state a claim for failure to accommodate under the ADA and Section 504, Plaintiffs must establish that: "(1) the child is a qualified individual with a disability; (2) [he] was denied a reasonable accommodation that [he] needs to enjoy meaningful access to the benefits of public services; and (3) the program providing the benefit receives federal financial assistance." McIntyre v. Eugene Sch. Dist. 4J, 976

F.3d 902, 912 (9th Cir. 2020); see 29 U.S.C. § 794(a) (Rehabilitation Act); see also 42 U.S.C. § 12132 (Title II of the ADA).  Additionally, Title II of the ADA requires that the discrimination occur "by reason of disability," which requires that the plaintiff show "that discrimination on the basis of the disability was a 'motivating factor' for the decision[,]" whereas "the Rehabilitation Act is even stricter, requiring a plaintiff to show a denial of services 'solely by reason of' disability." K.M. ex rel. Bright v. Tustin Unified Sch. Dist., 725 F.3d 1088, 1099 (9th Cir. 2013) (internal citation and quotation marks omitted).  To be liable for monetary damages under Section 504 or the ADA, the defendant must "intentionally or with deliberate indifference fail[] to provide meaningful access or reasonable accommodation to disabled persons." Mark H. v. Lemahieu, 513 F.3d 922, 938 (9th Cir. 2008).  "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that . . . likelihood." Duvall v. Cnty. of Kitsap, 260 F.3d 1124, 1139 (9th Cir. 2001).

### 1. Claims against VUSD

Plaintiffs contend VUSD is liable for discrimination against Ryan and/or a failure to accommodate his disabilities because:  (1) it failed to prevent Ryan from being bullied and harassed by students and teachers; (2) his hall pass was not honored; and (3) his requests to participate in independent study in Spring and Fall 2018 were denied. Plaintiffs' arguments are problematic for a number of reasons.  First, Plaintiffs have not alleged any facts showing or allowing the inference that there was a connection between Ryan's disabilities and either the instance where another student attacked him or where a teacher required him to break apart cement in the extreme heat.  Nor have they alleged facts to show that an appropriate VUSD official was aware of those occurrences and acted with deliberate indifference in addressing them.  Second, Plaintiffs' allegations that the hall pass "was not honored" or that their request for independent study in Fall 2018 was denied are conclusory and insufficient in and of themselves to state a claim. Finally, while Plaintiffs adequately alleged facts going toward the denial of his request for independent study in Spring 2018, it appears that Ryan did not qualify for such an

accommodation as a matter of law because independent study is not available to students suffering from a temporary disability, which, according to the FAC, Ryan was. See Cal. Educ. Code § 51745(d) ("A temporarily disabled pupil shall not receive individual instruction . . . through independent study."). Moreover, Plaintiffs aver that despite Ryan's absences being marked unexcused, he was given access to his assignments and the opportunity to keep up with his schoolwork at home, which undermines the argument that VUSD failed to accommodate him.[6] At base, Plaintiffs have not adequately alleged actual facts showing how VUSD was deliberately indifferent to Ryan's needs with regard to any of the foregoing occurrences.  VUSD's Motion to Dismiss these claims is GRANTED with final leave to amend.

### 2. Claims against DUSD, SELPA, and SCOA[7]

According to Ryan, DUSD unlawfully denied him benefits in violation of the ADA and Section 504 when: (1) he was prohibited from participating in extracurricular activities; (2) he was not given a class schedule to which he believed he was entitled; (3) Marquez insisted on participating in one-on-one meetings with Ryan and shouted that his parents were "pissing her off"; and (4) bathroom doors were often locked and the school nurse was not present when he needed to utilize his hall pass.  Plaintiffs have failed to show, however, that any of the foregoing violated federal law.

---

[6] To the extent Plaintiffs contend Ryan's assignments from his time with VUSD were not properly counted or graded, that averment is again too conclusory to withstand review. Even if that was not the case, however, any challenge to the correctness of Plaintiff's scores would need to be made pursuant to California Education Code § 49070, which provides the procedures for "challenging content of [pupil] records."

[7] The claims against Marquez and Dolan fail with those against DUSD, SELPA, and SCOA. The Court notes, however, that the allegations against the individuals are even more tenuous given how few allegations are actually directed at their behavior. In the same vein, the Court previously declined to reach the argument that no claim was stated specifically against SELPA and SCOA. There is again no need to do so here, given the dismissal of the claims on the merits. That said, the Court notes for Plaintiffs' benefit that the FAC is wholly devoid of any real allegations concerning these Defendants and additional allegations much beyond what is included here would be required to state a claim. Plaintiffs have also failed to set forth allegations indicating that Sarah or Christian have standing to pursue these claims against DUSD since the factual allegations regarding their injuries that have been added to the FAC are all directed at VUSD. Nor have Plaintiffs adequately alleged that injunctive relief would be warranted here, where it does not appear that Ryan runs the risk of being harmed in the same manner again in the future.

First, as alleged, Ryan was precluded from participating in track and FFA because he was not eligible upon his transfer to DUSD based on his grades and attendance at VUSD, something DUSD had no control over. Ryan simply was not qualified to engage in those activities. Second, there is no indication in the FAC that the class schedule Ryan believed he had selected was intended to accommodate his disability or that the fact that his classes were changed constituted such a failure. Third, nothing indicates that Marquez's conduct, the periodic locking of the bathroom doors, or establishment of the nurse's schedule were done by reason of Ryan's disabilities. Finally, none of Plaintiffs' allegations as to the foregoing complaints rise to the level necessary to show intentional conduct or deliberate indifference (i.e., Plaintiffs have not shown that DUSD acted knowing harm to Ryan's federally protected rights was substantially likely to occur). Accordingly, DUSD's Motion to Dismiss these causes of action is GRANTED with final leave to amend.

### B. Plaintiffs' Third, Fourth, and Fifth Causes of Action against DUSD, Marquez and Dolan[8]

Plaintiffs' third and fifth causes of action are made under the anti-retaliation provisions of the ADA and the Rehabilitation Act, respectively. They have also added the fourth cause of action, which argues that DUSD engaged in unlawful interference, coercion, threats, or intimidation under the ADA, which falls under the same rubric. To state claim for retaliation under the ADA, a plaintiff must allege that: (1) plaintiffs engaged in a protected activity known by the defendants; (2) suffered an adverse retaliatory action; and (3) there was a causal connection between the protected activity and adverse action. See Pardi v. Kaiser Found. Hosps., 389 F.3d 840, 849 (9th Cir. 2004); see also Lee v. Natomas Unified Sch. Dist., 93 F. Supp. 3d. 1160, 1167 (E.D. Cal. 2015). The same standard is used to analyze claims of unlawful retaliation made under the Rehabilitation Act. See Douglas v. Cal. Dep't of Youth Auth., 285 F.3d 1226,

---

[8] The Court notes that, as indicated above, the claims against Marquez and Dolan are even more fatally flawed for lack of allegations than those against DUSD. The individual Defendants will not be discussed further.

1229 n.3 (9th Cir. 2002); see also Brooks v. Capistrano Unified Sch. Dist., 1 F. Supp. 3d 1029, 1035 (C.D. Cal. 2014).  The Court previously determined that Plaintiffs failed to identify an adverse action or the requisite causal connection between Plaintiffs' complaints and any such action.  See ECF No. 37, at 11–13.  Plaintiffs have not materially amended the FAC and that discussion remains sound.  Accordingly, the Court's analysis is incorporated here by reference and Plaintiffs' third and fifth causes of action are again DISMISSED with final leave to amend.  Those same allegations are also insufficient to rise to the level of threats, coercion, etc., and also do not allow the Court to infer a causal connection between any of Defendants' actions and Ryan's disability or Plaintiffs' exercise of their advocacy rights.  Plaintiffs' Fourth Cause of Action is thus DISMISSED with final leave to amend as well.

### C.  Plaintiffs' Sixth, Seventh, and Eighth Causes of Action[9]

Having dismissed Plaintiffs' federal claims, the Court again declines to reach the merits of Plaintiffs' state law causes of action.  The Court does note, however, that Plaintiffs bear the responsibility of ensuring they set forth non-frivolous claims and thus should consider that obligation if they choose to amend given, among other things, that the FAC has not alleged compliance with California's Tort Claims Act as to all Defendants and in light of the California Supreme Court's recent decision in Brennon B. v. Superior Court, 13 Cal. 5th 662 (2022) (holding that public schools are not "business establishments" under California's Unruh Act).

### CONCLUSION

For all the forgoing reasons, Defendants' Motions to Dismiss, ECF Nos. 44, 46, 56, are each GRANTED with final leave to amend.  Plaintiffs may, but are not required to, file an amended complaint.  If no amended complaint is filed within twenty (20) days

---

[9] Plaintiffs' Sixth and Seventh Causes of Action arising under state disability law are directed at all Defendants.  Plaintiffs direct their Eighth Cause of Action for IIED against DUSD, Marquez, and Dolan only.

of the date this Order is electronically filed, the causes of action dismissed by this Order shall be dismissed with prejudice without further notice to the parties.  Leave to amend is granted as to these claims and parties only.  Should Plaintiffs seek to make additional amendments to the pleading, leave of Court (either on noticed motion or stipulation of the parties) is required.

        IT IS SO ORDERED.

DATED:  October 24, 2022

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE

13