1

2

3

4

5

6

7

8                                    UNITED STATES DISTRICT COURT

9                              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RYAN ANENSON; SARAH ANENSON;              No.  2:20-cv-0901 DJC DB PS
      and CHRISTIAN ANENSON,
12

13                    Plaintiffs,               ORDER AND

14           v.                                 FINDINGS AND RECOMMENDATIONS

15    VACAVILLE UNIFIED SCHOOL
      DISTRICT, et al.,
16

17                    Defendants,

18

19           Plaintiffs Ryan Anenson, Sarah Anenson, and Christian Anenson are Proceeding in this

20    action pro se.  This matter was referred to the undersigned in accordance with Local Rule

21    302(c)(21) and 28 U.S.C. § 636(b)(1).

22           On July 20, 2023, defendants filed a motion to dismiss for lack of prosecution and noticed

23    the motion for hearing before the undersigned pursuant to Local Rule 302(c)(21).  (ECF No. 96.)

24    Pursuant to Local Rule 230(c) plaintiffs were to file an opposition or a statement of non-

25    opposition to defendants' motion not less "than fourteen (14) days after the motion was filed."

26    Plaintiffs, however, failed to file a timely opposition or statement of non-opposition to the

27    motion.

28    ////

                                                   1

1    Accordingly, on August 29, 2023, the undersigned issued an order to show cause, ordering

2    plaintiffs to show cause in writing within fourteen days as to why this action should not be

3    dismissed for lack of prosecution, as well as ordering plaintiff to file a statement of opposition or

4    non-opposition to defendants' motion on or before October 20, 2023.  (ECF No. 101.)  Plaintiffs

5    were warned that the failure to timely comply with that order could result in a recommendation

6    that this case be dismissed.  (<u>Id.</u> at 3.)  Nonetheless, no plaintiff has responded to the August 29,

7    2023 order or to defendants' motion to dismiss.

8                                                        ANALYSIS

9    The factors to be weighed in determining whether to dismiss a case for lack of prosecution

10   are as follows:  (1) the public interest in expeditious resolution of litigation; (2) the court's need

11   to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring

12   disposition on the merits; and (5) the availability of less drastic sanctions.  <u>Hernandez v. City of</u>

13   <u>El Monte</u>, 138 F.3d 393, 398 (9th Cir. 1998); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir.

14   1992); <u>Carey v. King</u>, 856 F.2d 1439, 1440 (9th Cir. 1988).  Dismissal is a harsh penalty that

15   should be imposed only in extreme circumstances.  <u>Hernandez</u>, 138 F.3d at 398; <u>Ferdik</u>, 963 F.2d

16   at 1260.

17   Failure of a party to comply with the any order of the court "may be grounds for

18   imposition by the Court of any and all sanctions authorized by statute or Rule or within the

19   inherent power of the Court."  Local Rule 110.  Any individual representing himself or herself

20   without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local

21   Rules, and all applicable law.  Local Rule 183(a).  A party's failure to comply with applicable

22   rules and law may be grounds for dismissal or any other sanction appropriate under the Local

23   Rules.  <u>Id.</u>

24   Here, plaintiffs have failed to opposed defendants' motion to dismiss and failed to comply

25   with the August 29, 2023 order.  Plaintiffs were warned that the failure to file a written response

26   to that order could result in a recommendation that this matter be dismissed.  In this regard,

27   plaintiffs' lack of prosecution of this case renders the imposition of monetary sanctions futile.

28   Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its

1  docket, and the risk of prejudice to the defendant all support the imposition of the sanction of

2  dismissal.  Only the public policy favoring disposition on the merits counsels against dismissal.

3  However, plaintiffs' failure to prosecute the action in any way makes disposition on the merits an

4  impossibility.  The undersigned will therefore recommend that this action be dismissed due to

5  plaintiffs' failure to prosecute as well as plaintiffs' failure to comply with the court's orders.  See

6  Fed. R. Civ. P. 41(b).

7       Accordingly, IT IS HEREBY ORDERED that:

8       1.  Defendant's July 20, 2023 motion to dismiss (ECF No. 96) is denied without prejudice

9  as having been rendered moot[1]; and

10       2.  The November 3, 2023 hearing is vacated.

11       Also, IT IS HEREBY RECOMMENDED that:

12       1.  Plaintiffs' complaint (ECF No. 1) be dismissed without prejudice; and

13       2.  This action be closed.

14       These findings and recommendations are submitted to the United States District Judge

15  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16  after being served with these findings and recommendations, any party may file written

17  objections with the court and serve a copy on all parties.  Such a document should be captioned

18  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

19  shall be served and filed within fourteen days after service of the objections.  The parties are

20  advised that failure to file objections within the specified time may waive the right to appeal the

21  District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22  Dated:  October 30, 2023

23

24

25  DLB:6
   DB/orders/orders.pro se/anenson0901.dlop.f&rs

26

27

28

---

[1] In the event the assigned District Judge does not adopt these findings and recommendations, defendant may re-notice the motion for hearing before the undersigned.

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4