UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN ANENSON et al., | No. 2:20-cv-00901-DJC-DB PS |
| Plaintiffs, | ORDER |
| v. | |
| VACAVILLE UNIFIED SCHOOL DISTRICT, et al., | |
| Defendants, | |

Plaintiffs are proceeding in this action pro se.  On March 13, 2024, this action was dismissed for Plaintiffs' failure to prosecute. (*See* ECF Nos. 103, 107.)  On April 9, 2024, Plaintiffs filed a Motion to Re-Open Case ("Motion"). (ECF No. 109.)  For the following reasons, this Motion will be denied.

**BACKGROUND**

On October 25, 2022, the Court dismissed Plaintiffs' First Amended Complaint. (ECF No. 62.)  Plaintiffs were granted leave to amend within 20 days. (*Id.*)  Plaintiffs were advised that failure to file an amended complaint would result in dismissal of the action with prejudice. (*Id.*)

Plaintiffs never filed an amended complaint.  Instead, Plaintiffs' attorney moved

to withdraw from the case on November 8, 2022.  (ECF No. 63.)  The Motion to Withdraw was granted on December 20, 2022, and the Court stayed the action for 120 days to permit Plaintiffs to retain new counsel.[1]  (ECF No. 83.)  The stay was lifted on June 13, 2023, over 170 days later.  (ECF No. 93.)

On July 19, 2023, Defendants moved to dismiss the action for lack of prosecution as Plaintiffs had neither retained new counsel nor filed an amended complaint.  (ECF No. 96.)  Plaintiffs failed to timely oppose the motion.  On August 29, 2023, the Magistrate Judge assigned to this matter granted Plaintiffs an extension to oppose the motion by October 10, 2023.  (ECF No. 101.)  Plaintiffs still failed to oppose.

Accordingly, on October 31, 2023, the Magistrate Judge recommended the action be dismissed for lack of prosecution.  (ECF No. 103.)  This Court adopted those recommendations and dismissed the action with prejudice on March 13, 2024.  (ECF No. 107.)  The action was closed.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60, a court may, on motion, "relieve a party . . . from a final judgment, order, or proceeding" for reasons including "mistake, inadvertence, surprise, or excusable neglect" and "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Excusable neglect encompasses situations in which the failure to comply with a filing deadline is attributable to negligence, and includes omissions caused by carelessness.  *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009).  Rule 60(b) "is remedial in nature and . . . must be liberally applied."  *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).  This does not, however, absolve the moving party "from the burden of demonstrating that, in a particular case, the interest in deciding the case on the merits should prevail over the very important interest in the finality of judgments."  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th

---

[1] Plaintiffs gained knowledge of the order granting the Motion to Withdraw on January 5, 2023.  (ECF No. 88.)

Cir. 2001), *overruled on other grounds, Egelhoff v. Egelhoff ex rel. Breiner*, 532 U.S. 141 (2001).

The determination of whether neglect is excusable under Rule 60(b) "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). A court should consider at least the following four factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223–24 (9th Cir. 2000).

**ANALYSIS**

Plaintiffs argue that this case should be re-opened because they are making diligent efforts to obtain counsel and have "not caused delays in court proceedings intentionally or otherwise, though through misunderstandings, challenging experiences, [and] medical emergencies, including a learning curve as Pro Se litigants, this may have been perceived otherwise." (ECF No. 109.) They state that, if the case is reopened, they intend to proceed as pro se litigants while they search for new counsel and will attempt to respond to court filings and requests appropriately. (*Id.*)

This Court recognizes that dismissal for failure to prosecute is a "harsh penalty" and a Rule 60(b) motion to re-open a case dismissed on that basis should be liberally construed. *See Lal v. California*, 610 F.3d 518, 524–27 (9th Cir. 2010). The Court also recognizes that pro se filings should get the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

However, even construing Plaintiffs' Motion liberally, this Court finds no basis to re-open this case under Rule 60. In their Motion, Plaintiffs do not explain what diligent attempts they have made at obtaining counsel; why they have been unable to obtain counsel for over a year; or when they plan on filing an amended complaint. Plaintiffs make no attempt to meet the standards of Rule 60(b).

1        The Court finds Plaintiffs' failure to file an amended complaint particularly
2 troubling.  At the time the Court dismissed this action, Plaintiffs had not stated a
3 cognizable claim for relief, and when given the time and opportunity to file an
4 amended complaint, they failed to do so.  There has been no operative complaint in
5 this action for a year and a half.

6        Accordingly, the Court finds the equities are not in Plaintiffs' favor, and will deny
7 Plaintiffs' Motion.

## CONCLUSION

9        Accordingly, IT IS HEREBY ORDERED that Plaintiffs' Motion to Re-Open Case
10 (ECF No. 109) is DENIED.

12        IT IS SO ORDERED.

13 Dated: __**April 22, 2024**__

*/s/ Daniel J. Calabretta*
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

18 DJC4 – Anenson21cv901.MotReopenCase

4